IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLENN WAYNE MITCHELL,

   Plaintiff,

v.

NATIONAL FOOTBALL LEAGUE
and ROGER GOODELLS,
*Commissioner*,

   Defendants.

CIVIL ACTION FILE

NO. 1:21-cv-02260-MHC-AJB

## **O R D E R**

Presently before the Court is Plaintiff's motion to amend the complaint to add "All of National Football League Properties" as a defendant in this lawsuit.[1] [Doc. 7].

---

[1] The undersigned can rule on a motion to amend by issuing an Order as opposed to submitting a Report and Recommendation ("R&R") to the District Judge. Although there is some dispute among the federal courts as to whether a motion to amend a complaint is a dispositive motion or a non-dispositive motion, "[t]he weight of authority holds that motions to amend pleadings are non-dispositive matters which may be referred to a magistrate judge and reviewed by the district court under the 'clearly erroneous standard.' " *E.E.O.C. v. Exel Inc.*, 259 F.R.D. 652, 652 n.1 (N.D. Ga. 2008) (Baverman, M.J.). The Eleventh Circuit has not issued a published opinion on this issue, but in a 2019 unpublished opinion, a panel of the court favorably cited other circuits' conclusions that an

A court must freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a). However, a court may deny a motion to amend a complaint when the amendment would be futile. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). While a pro se complaint is to be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court may not serve as "*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (punctuation omitted).

Plaintiff has not explained why "All of National Football League Properties" should be added to this lawsuit, nor has he asserted any basis upon which "All of National Football League Properties" might be found liable on his claims.

---

order denying a motion to amend is non-dispositive for the purposes of Rule 72(a) of the Federal Rules of Civil Procedure. *Moore v. Grady Mem'l Hosp. Corp.*, 778 Fed. Appx. 699, 704 (11th Cir. June 20, 2019) (citing *Daley v. Marriott Int'l, Inc.*, 415 F.3d 889, 893 n.9 (8th Cir. 2005); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993)); *see also Reeves v. DSI Sec. Servs., Inc.*, 395 Fed. Appx. 544, 548 (11th Cir. Aug. 31, 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); *Palmore v. Hicks*, 383 Fed. Appx. 897, 899-900 (11th Cir. June 18, 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."). The undersigned therefore resolves Plaintiff's motion for leave to amend by Order rather than by R&R.

[*See generally* Docs. 1, 7].  Additionally, it does not appear that "All of National Football League Properties" is a legal entity capable of being sued.

For these reasons, the Court finds that granting leave to amend the complaint would be futile.  The motion for leave to amend the complaint, [Doc. 7], is therefore **DENIED**.[2]

**IT IS SO ORDERED**, this 3d day of August, 2021.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Arguably, since no party has yet filed a response to the complaint, it was not necessary for Plaintiff to file a motion for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(1) (providing that a party "may" amend his pleading once as a matter of course within twenty-one days of serving the complaint or within twenty-one days of the filing of a response).  Because Rule 15(a)(1) is permissive rather than mandatory and because the amendment Plaintiff seeks would be futile, however, the Court finds it proper to deny the motion as an exercise of its inherent authority to efficiently manage the cases on its docket. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").