IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GLENN WAYNE MITCHELL,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**NATIONAL FOOTBALL LEAGUE and ROGER GOODELLS,** *Commissioner*,<br><br>    **Defendants.** | CIVIL ACTION FILE<br><br>NO. 1:21-cv-02260-MHC-AJB |

## O R D E R

This matter is presently before the Court on Plaintiff Glenn Wayne Mitchell's motion for reconsideration of the Court's July 1, 2021 order denying his motion for appointment of counsel, [Doc. 14]. For the following reasons, the Court **DENIES** the motion for reconsideration.

### I.   INTRODUCTION

Plaintiff filed this lawsuit pro se on June 2, 2021. [Doc. 1]. In the complaint, Plaintiff asserts claims against Defendants for unlawful employment discrimination based on his race and disability, pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended,

42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq.; malicious prosecution; and disclosure of sensitive health information in violation for the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). [*Id*. at 3-7]. While the allegations are not entirely clear, it appears that Plaintiff asserts the claims because the NFL asked him to apply to work as a security officer at Super Bowl LIV in Miami, Florida, but did not hire him because of aged, unprosecuted criminal charges and a perceived mental disability, even though he had worked as a security officer at the two prior Super Bowls. [*See generally id*. at 5-39].

At the same time he filed his complaint, Plaintiff filed a motion for appointment of counsel, [Doc. 4], which this Court denied on July 1, 2021, [Doc. 8]. In its order, the Court noted that Title VII plaintiffs have no automatic right to appointed counsel and may be appointed counsel only in just circumstances. [Doc. 8 at 3]. The Court also explained that in determining whether circumstances are just to appoint an attorney, a court may consider: (1) the plaintiff's financial ability to retain counsel; (2) the plaintiff's efforts in obtaining counsel; (3) the plaintiff's ability to understand the relevant substantive and procedural issues; and (4) the merits of the action, including the EEOC's evaluation of the plaintiff's claims, citing *Donohoe v. Food Lion Stores, Inc.*, 253 F. Supp. 2d 1319, 1321 (N.D. Ga.

2003) (Story, J.); *Hunter v. Dep't of the Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988); and *Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local No. 36*, 614 F.2d 529, 531 (5th Cir. 1980). [*Id.*]. Additionally, the Court explained that a key consideration for the district court is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court," *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993), and that "[w]here the facts and issues are simple, [the pro se litigant] usually will not need such help," and a request for court-appointed counsel will usually be denied, *Id*. [Doc. 8 at 4].

The Court concluded that Plaintiff had not shown that appointment of counsel was warranted because Plaintiff paid the filing fee, he had not alleged that he was financially unable to retain counsel, and he had not described his efforts to obtain counsel. [*Id.* at 5]. The Court further explained that Plaintiff's case did not appear to be especially complex, and Plaintiff had not alleged that he lacked knowledge or understanding of the law and procedures applicable to his case. [*Id.*]. Finally, the Court noted that Plaintiff's claims did not appear to present substantial merit. [*Id.*]. The Court therefore found that Plaintiff was not entitled to have counsel appointed to him and denied his request for appointed counsel. [*Id. at* 5-6]. The Court granted Plaintiff a thirty-day stay to allow him time to retain counsel. [*Id.* at 6]. Plaintiff then sought an additional sixty-day extension of time to retain

counsel, which this Court granted, extending the stay until September 29, 2021. [Docs. 11, 12].

II. **DISCUSSION**

In his motion for reconsideration, Plaintiff again states that he seeks appointment of counsel in relation to his Title VII and ADA claims. [Doc. 14 at 1]. He states that he "cannot afford the high retainer fees and hire an Attorney who wants to take the case in Georgia." [*Id.*]. Plaintiff attached medical documentation, which he states supports his "efforts to retain" appointed counsel. [*Id.*]. He also reiterates the injuries he suffered while working as a correctional officer at Atlanta Federal Penitentiary and asserts that he is owed "dignity and respect" as a federal employee under the 14th Amendment. [*Id.* at 2]. Plaintiff attached to his motion a copy of a letter authored by Steven Marrinson, Ph.D. and dated March 18, 2010, which describes Plaintiff as suffering from post-traumatic stress disorder as a result of the hostage situation he endured at AFP but notes his long-term prognosis was "fair." [*Id.* at 4]. He also attached documentation indicating he has researched or attempted to contact several attorneys. [*See generally id.* at 5-11].

The Court is not persuaded that Plaintiff's PTSD, if still pervasive, would prevent him from understanding the substantive and procedural issues or hinder him from presenting his case without counsel, nor has Plaintiff alleged so. The

4

Court is sympathetic to Plaintiff's statement that he cannot afford retained counsel, and notes that it appears he has attempted to retain counsel nonetheless. However, Plaintiff appears able to litigate his case himself, as evidenced by the self-prepared pleadings and thorough responses he has filed thus far, and he has offered no response to the Court's prior finding that his claims are not complex and appear to lack substantial merit, [*See generally* Doc. 14]. Those factors tip the balance against appointment of counsel. *See Kilgo*, 983 F.2d at 193.

For these reasons, the undersigned **DENIES** the motion for reconsideration of the denial of appointed counsel, [Doc. 14]. However, the Court hereby **STAYS** the case for an additional **THIRTY (30) DAYS** so that Plaintiff may seek representation of counsel. The Court reiterates that Plaintiff should act promptly and make use of attorney referral services such as the following[1]:

- The National Employment Lawyers Association ("NELA") Exchange, https://exchange.nela.org/memberdirectory/findalawyer

- The State Bar of Georgia, https://www.gabar.org/forthepublic/findalawyer.cfm

---

[1] This list is provided for Plaintiff's convenience. The Court does not endorse any referral service or any particular attorney appearing in a directory or presented by a referral service. Plaintiff is encouraged to continue his own search for attorneys or referral resources that may be available.

5

- The Atlanta Bar Association, (404) 521-0777, https://atlantabar.org/?pg=clientreferrals

Once the thirty-day deadline passes, the Court will expect the case to proceed in a timely manner as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, regardless of whether an attorney has filed a notice of appearance on Plaintiff's behalf.

### III. CONCLUSION

For the reasons discussed above, the undersigned **DENIES** Plaintiff's motion for reconsideration of the Court's order denying his request for appointment of counsel, [Doc. 14].

**IT IS SO ORDERED**, this 29th day of October, 2021.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE